■ In the Matter of the Claim of MAY MAURER, Respondent, v. BRACE MUELLER HUNTLEY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. The appellants appeal from a decission awarding death benefits to the claimant. There was substantial evidence to sustain the board's finding of occupational dermatitis. The issue is whether there was substantial evidence that the claimant's husband died as the result of an occupational dermatitis. The claim alleged that the decedent contracted dermatitis after he cleaned oil sludge from a power saw. The board found that "the occupational dermatitis sustained by decedent was a factor in his death" on January 13, 1962. The claimant's medical testimony sustains such determination. One doctor testified that the type of oil used by the decedent was "so notorious for causing dermatitis that a patch test was not considered necessary". He further testified that steroid treatment was being used to control the dermatitis which made the decedent more susceptible to developing a boil and predisposed him to staphylococcus infection. The appellants' doctor, by an affirmative answer to a question, verified such opinion that a person suffering from acute dermatitis and who is being treated with steroids is more susceptible to staphylococcus infection than he would be if he were not treated with steroids. The impartial specialist in his report and testimony agreed with this opinion. The appellants contend that its doctor, an eminent specialist in dermatology, conducted a patch test on oil brought to his office by the decedent and which was found to be negative. As a result of the test, the doctor stated that the oil was not the offending substance. There was no testimony that this was the same oil sludge taken from the power saw and which allegedly caused the dermatitis, and the board was not obligated to accept this testimony. Three doctors testified that the steroid treatment given for

dermatitis would lessen the body's ability to cope with an infection and that such a person would be more susceptible to a staphylococcus infection than he would be if not subject to such treatment, and which was also the opinion of the impartial specialist. The whole record establishes substantial evidence to sustain the board's finding. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.